### ELROD v. COCHRAN.

1. EVIDENCE—SECONDARY—WRITTEN INSTRUMENT.—Secondary evidence of a written contract may be admitted without notice to the other side to produce, where it appears to have been lost while in the possession of the party testifying.
2. IBID.—PAROL—IBID.—COLLATERAL CONTRACT.—Parol evidence is admissible to show contents of a written contract collateral to the questions involved.
3. RESULTING TRUST arises in favor of a party paying the purchase money of land, even where the conveyance is made to another by the knowledge and consent of the payer.
4. IBID.—ADVANCEMENT—ILLEGITIMATE CHILD—PRESUMPTION.—Payment of purchase money and instructions by mother to convey land to illegitimate child, raises presumption of advancement, but it is rebuttable.
5. FRAUD—HUSBAND AND WIFE.—Instructions by wife to convey to daughter lands paid for by her, so that husband's creditors could not intermeddle with it, is no fraud on her part.

Before BUCHANAN, J., Anderson, June, 1900. Affirmed.

Action for possession of land by Mattie Elrod against Sue Cochran and Isham Cochran. From judgment for defendants, plaintiff appeals.

*Messrs. Bonham & Watkins* and *Quattlebaum & Coch-
ran,* for appellant, cite: *Rule of evidence in proving result-
ing trust:* 32 S. C., 595. *Presumption of gift to daughter
cannot be rebutted by showing that wife put title in
daughter to prevent its being taken for husband's debts:* 13
Neb., 456; 15 N. J. Eq., 60; 50 Mo., 572; 19 N. J. Eq., 550;
14 Gray, 277; 17 Ohio St., 480; 32 S. C., 595.

*Messrs. E. M. Rucker, Jr.,* and *Tribble & Prince,* contra.
*Mr. Tribble* cites: *Act of wife in having land conveyed to
daughter to prevent husband's creditors from intermed-
dling, is no fraud on her part:* 27 S. C., 425; 54 S. C., 90.
*Circuit Judge judges of sufficiency of evidence to show loss
of paper:* 35 S. C., 311. *Merely collateral issue and no
notice necessary:* 52 S. C., 74; 14 S. C., 591. *As to rule of
evidence in establishing resulting trust:* 32 S. C., 595. *Re-
sulting trust arises upon payment of purchase money when
conveyance made by permission of payer:* 27 S. C., 39; 23
S. C., 257. *Parent cannot give more than one-fourth of
estate to illegitimate child:* 32 S. C., 149; 37 S. C., 537.
*Advancements governed by intentions of donor at time of
transfer:* 1 Strob. Eq., 122.

*Mr. E. M. Rucker, jr.,* cites: *Resulting trust arises where
one pays purchase price and deed to another:* 26 S. C., 231;
27 S. C., 39; 32 S. C., 590. *Under circumstances here se-
condary evidence of contract admissible:* 4 C. & P., 254; 3
B. & Sel., 189; 8 C. & P., 728. *Whether sufficient show-
ing of loss is within discretion of Judge:* 14 S. C., 593; 17
S. C., 587; 19 S. C., 601. *No fraud in putting exempt pro-
perty beyond creditor's reach:* 27 S. C., 425; 54 S. C., 90.

March 13, 1901. The opinion of the Court was deli-
vered by

MR. JUSTICE GARY. This action was brought to recover
possession of a lot or parcel of land in the city of Anderson.
Sue Cochran answered the complaint, alleging that plaintiff
is seized of said property for the use and benefit of said
defendant. 'She further claims that she purchased the lot

from M. Kennedy, paid the purchase money thereof, and permitted the title to be executed to plaintiff, who is her daughter, with the understanding that the plaintiff was to hold the title for her benefit; that although the deed was taken in the name of the plaintiff, a trust resulted in favor of the defendant, Sue Cochran. Isham Cochran also answered, alleging substantially the same defense as was made by Sue Cochran. The issues of law and fact were referred to the probate judge, as special referee, whose findings of fact were as follows:

"First. I find as matters of fact that Sue Cochran, one of the defendants herein, on or about March 11th, 1895, entered into a contract with M. Kennedy for the purchase of a house and lot in the city of Anderson, S. C., for the sum of $500.

"Second. I find that the purchase price for said premises has ben paid in full, and that said Sue Cochran made all the payments with the exception of one or two made by her daughter, Mattie Elrod, the plaintiff herein.

"Third. I find that all of the receipts for said payments made on said premises by Sue Cochran and her daughter, Mattie Elrod, were issued in the name of Sue Cochran.

"Fourth. I find that on or about December 11th, 1897, M. Kennedy, under the direction of Sue Cochran, executed and delivered a deed to said premises to the plaintiff, Mattie Cochran, now Mattie Elrod, and a daughter of the said Sue Cochran.

"Fifth. That on said same date Mrs. J. G. Kennedy, the wife of said M. Kennedy, was called on to renounce her dower in said premises, and Mrs. J. G. Kennedy, seeing the deed was drawn in the name of Mattie Cochran, refused to renounce her dower until she was informed why the deed was in Mattie's name, and that Mrs. Kennedy then and there asked Sue Cochran why the deed was drawn in Mattie's name. Sue then stated to Mrs. Kennedy, in the presence of Mattie, the plaintiff herein, that the said Sue Cochran wanted it in Mattie's name for prudential reasons,

and stated that she thought it best to put it in Mattie's name so that her husband, Isham Cochran, could not mortgage it, or that it would not be taken for Isham's debts; and under these circumstances, and the statements made to Mrs. Kennedy, the deed was drawn in the name of Mattie Cochran."

His conclusions of law were in favor of the defendant, Sue Cochran, and he recommended that the plaintiff be required to execute to said defendant a quit claim deed to the premises, and that the complaint be dismissed with costs.

The decree of his Honor, the Circuit Judge, concludes as follows: "Let Mattie W. Elrod execute and deliver to the defendant, Sue Cochran, a quit claim deed to the premises herein, and a trust (resulting) is declared in said land."

There are quite a number of exceptions, but, as stated by the attorneys in the cause, it will not be necessary to consider them in detail.

The first exception is as follows: "1. Because his Honor, the Circuit Judge, erred in sustaining the referee in permitting secondary evidence of the contents of the written contract between M. Kennedy and Sue Cochran, no notice having been given plaintiff to produce the instrument, and there being no sufficient proof of its loss, nor was it shown that it was not in the possession of the defendant, nor was it shown that any search was made, nor was any due diligence shown." On cross-examination, the plaintiff testified, "I don't know where the contract is, it was misplaced in some way. That deed and contract were never in the possession of Sue Cochran, I have always kept them in my trunk." In the case of *Hobbs* v. *Beard,* 43 S. C., at page 378, the Court says: "The loss of a paper is always a preliminary question addressed to the discretion of the presiding Judge, and his ruling is not ordinarily the subject of review by this Court." The appellant has failed to convince this Court that there was an abuse of discretion in this case. There is another reason why the exception should be overruled. The contract was not

the foundation of Sue Cochran's defense, which was based upon the fact that she paid the purchase money of the land, whereby a trust resulted in her favor. As the contract involved merely a collateral question, parol testimony of its contents was admissible. *Hampton* v. *Ray,* 52 S. C., 82; *Sims* v. *Jones,* 43 S. C., 95.

We will next consider whether there was error in declaring a resulting trust in favor of Sue Cochran. As a general rule, the law implies a trust in favor of the person paying the purchase money, when the legal title is conveyed to a third person even with the knowledge and consent of the party making the payment. 15 A. & E. Enc., 1132-5; *Ramage* v. *Ramage, 27* S. C., 39; *Rogers* v. *Rogers,* 52 S. C., 388. The appellant has failed to convince this Court that the purchase money was not paid by the defendant, Sue Cochran.

The appellant contends, however, that as she is the daughter of said defendant, the law presumes it was intended as an advancement. When a parent pays the purchase money, and the legal title is conveyed to a child by the consent of the parent, the law does presume that an advancement was intended to be made to the child, even though illegitimate, for the reason that, at common law, the mother is under legal obligation to support her child, born out of lawful wedlock. But this is only a presumption which may be rebutted, and was rebutted by the testimony in this case. The master's findings of fact, concurred in by the Circuit Judge, sustain this conclusion.

The thirteenth exception is as follows: "Because his Honor, the Circuit Judge, erred in holding that there was no question of creditors' rights here. And because his Honor, the Circuit Judge, and the referee erred in not holding that if the testimony of the defendant, Sue Cochran, and of her codefendant, and husband, be true, the taking of the deed from M. Kennedy in the name of Mattie Cochran (now Elrod), was a fraud upon the creditors of Isham Cochran, and the defendant, Sue Coch-

ran, having participated in this fraud, she could not now find any relief in the Court of Equity from her own fraudulent act, but the title of property must stand where placed with her consent and by her directions." This testimony does not show that Sue Cochran intended to place any of her husband's property out of the reach of *his* creditors, but to prevent them from unlawfully intermeddling with *her* property, which had been done on a former occasion. There was, therefore, no fraud on her part, and this exception is overruled. These views practically dispose of all exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.