6582

## BRADLEY v. NORTHWESTERN R. R. CO.

CARRIER—FREIGHT—PRESUMPTIONS.—Where one bill of lading is issued for a shipment of several packages, it is presumed parties intended articles to be kept together as a single shipment, and where it is shown a connecting carrier received a portion of the shipment, it is presumed it received it all.

Before HYDRICK, J., Sumter, November, 1906. Affirmed.

Action by T. M. Bradley against Northwestern R. R. Co., before Magistrate S. R. Williamson. From Circuit order affirming magistrate's judgment, defendant appeals.

*Messrs. Lee & Moise,* for appellant, cite: *No contract for through carriage proved:* Code 1902, 1710; 24 stat., 82; 72 S. C., 483; 7 Rich. L., 210. *Where there is a general shipment of several articles, receipt of part is not presumption of receipt of whole:* Hutch. on Car., secs. 102-3, 111-12.

*Messrs. Jennings and Manning,* contra. No argument furnished Reporter.

July 10, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced before a magistrate to recover $3.00, the value of a box of snuff lost in transportation, and a penalty of $50 for defendant's failure to adjust and pay said claim.

The facts out of which the controversy arose were as follows:

The plaintiff purchased 14 boxes of snuff from a party in New Jersey, who delivered it to the Pennsylvania Railroad System to be transported to Borden, S. C., a station on defendants line of road, and received from said system the following bill of lading:

"Helmetta, N. J., Oct. 14, 1904.

By Pa. R. R. System.

Consignee, T. M. Bradley, Borden, S. C.

A. C. L. Via 14 1-2 Snuff 155."

Thirteen of said boxes were delivered to the plaintiff by the defendant, but the other box has not been delivered.

The magistrate rendered judgment for the amount claimed, whereupon the defendant appealed to the Circuit Court.

His Honor Judge Hydrick made the following order: "This case came up on appeal from the court of magistrate, upon several exceptions. After hearing Messrs. Lee & Moise for the defendant-appellant and L. D. Jennings for plaintiff-respondent, and after careful consideration of the whole case, I find as a matter of fact, that the greater portion of the goods of which a portion was alleged to have been lost, was actually received by the defendant, and I hold as a matter of law that the presumption is, that all of said goods were received by the defendant, and that a portion having been received by the defendant company, as is shown by the evidence in the case, the burden was then on the defendant to remove such presumption, and I find as a matter of fact from the testimony, that the defendant did not remove such presumption, and the plaintiff having complied with the law in every respect, I find from the testimony that the defendant is liable, and that the judgment of the magistrate ought to be, and is, hereby sustained and the appeal dismissed.

"Under my view of this case, I do not deem it necessary to pass upon the questions of the constitutionality of sec. 1710, of Volume I, of the Code of Laws of South Carolina."

The defendant again appealed, and the ruling of the Circuit Judge, as to the presumption arising from the delivery of a portion of the goods, is assigned as error.

There was only one bill of lading, and all the goods were

delivered for transportation at one and the same time, thus constituting a single transaction.

Every reasonable intendment is in favor of the theory, that, for convenience, all parties contemplated the boxes would be kept together as a single shipment, until they reached their destination.

Therefore, it is a very natural presumption that the defendant received all, when it is shown that it came into possession of a portion of the boxes. The ruling of the Circuit Judge is fully sustained, by the recent case of *Walker* v. *Railway*, 76 S. C., 308.

These views render unnecessary the consideration of the exceptions raising certain constitutional questions.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.