## 7163

### FORT v. FIRST NATIONAL BANK OF BATESBURG.

1. BANKS—TRUST.—Where one is about to purchase property over which a bank has a lien and which has been sued with the owner by one claiming a mechanic's lien on the property and by agreement between the owner, the purchaser and the bank, the purchase price is deposited in the bank by check on another bank drawn by purchaser in favor of owner and deposited by him on his individual deposit slip under agreement between the parties that the bank should hold the fund subject to the adjudication of the claim, a trust is created in favor of such purchaser and the bank is liable to him for whatever he has to pay to save the property from the judgment

obtained in said proceeding, and not only for the amount of the claim before suit.

*This case distinguished from Bank* v. *Mahon,* 78 S. C., 412.

2. EVIDENCE—PAROL—CHECK.—The issue being whether a deposit was made under a special agreement, the form of the check by which the money was deposited is a collateral matter, and its contents may be shown by parol.

3. BANKS.—THE DEPOSIT SLIP is a mere acknowledgement by the bank that the amount has been received and does not purport to embody the contract between the bank and depositor, and cannot effect the rights of a third party to an agreement as to the deposit.

Before WILSON, J., Lexington, June, 1908.    Affirmed.

Action by James C. Fort against First National Bank of Batesburg.    From judgment for plaintiff, defendant appeals.

*Messrs. Barrett Jones* and *Efird & Dreher,* for appellant.

*Messrs. Efird & Dreher* cite: *Parol evidence of contents of check:* 22 N. J. L., 552; 10 Md., 234. *Bank had no control of deposit:* 78 S. C., 408.

*Messrs. Graham & Sturkie* and *E. L. Asbill,* contra, cite: *Depositors may make express contract with bank:* 77 S. C., 308.

April 13, 1909.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The testimony tends to show these facts: In December, 1903, S. B. Coats offered to sell James C. Fort a house and lot in Batesburg, S. C., for eight hundred and fifty dollars, and Fort was informed that the First National Bank of Batesburg had a mortgage on the premises and that Rogers Bayly was claiming a mechanic's lien thereon for fifty-eight dollars. ' A suit was then pending in the Common Pleas Court for Lexington County by Bayly,

as plaintiff, against Coats and the First National Bank, as defendants, for the enforcement of the alleged mechanic's lien. Not desiring to assume the risk of this controversy, on December 8, 1903, plaintiff with Coats went to the defendant bank, and the parties, at the suggestion and approval of the president of the bank, Dr. W. H. Timmerman, agreed that the purchase money should be paid into the bank and that the bank should retain a sufficient amount of the funds to pay the Bayly claim after the settlement of the controversy. At this meeting Bayly notified plaintiff of his claim. The cashier at that time, Mr. W. W. Watson, was informed of the situation and was asked by the president whether a portion of the purchase money could be left in the bank pending the settlement of the alleged mechanic's lien, to which the cashier replied that it could be done, provided the parties agreed and he was instructed to that effect. The cashier then knew that Coats was willing to make such agreement, but he testified that Fort said he did not attach any importance to the Bayly claim. After the agreement mentioned, the plaintiff accepted the deed of the premises, and, in the presence of the cashier, delivered to Coats a check drawn by himself on the National Loan & Exchange Bank of Columbia for $850.00, payable to the order of Coats. Coats immediately indorsed this check and deposited it with the bank, after signing his name to the usual deposit slip, which recited the deposit of the check and its amount and contained at the foot these words: "Paid Dec. 8, 1903, —First National Bank of Batesburg, S. C." There was other testimony showing that the check was promptly paid. Coats thereupon gave his check on the fund to the cashier for $76.55 in settlement of the mortgage on the premises held by the bank. On Dec. 16, 1903, the bank cashed his check on the fund for $50.00 and on Dec. 23, 1903, cashed his check for the remainder of the fund, $723.45. Afterwards judgment was recovered in favor of Bayly, establishing a mechanic's lien upon the premises to the amount

of $122.42, which plaintiff was compelled to pay to prevent sale of the premises.

This action was brought to recover that sum from the defendant bank upon its agreement above mentioned, and resulted in a judgment for plaintiff for $100.00.

From the foregoing statement it is manifest that there was no error, as alleged in the second exception, in refusing to direct a verdict in favor of the defendant. There can be no doubt of the bank's liability, if it accepted the deposit with knowledge of and assent to the alleged agreement subjecting it to the claim of Bayly. The agreement made the deposit special to the extent of the Bayly claim, and it was the duty of the bank to retain of the deposit a sum sufficient to pay the Bayly claim.

Nor was there error, as alleged in the first exception, in admitting parol evidence tending to show that money was paid defendant bank by a check. The objection that the check is a written instrument and evidence of its contents cannot be given without proof of loss is not tenable as applied to this case. The check is a collateral matter, and the question is not as to the contents or form of a check but as to the making of a special or conditional deposit to protect plaintiff against the Bayly claim. It is not disputed that the deposit was made of a check for $850.00, which was in fact duly cashed.

The third exception alleges error in the Court's instruction to the jury substantially that, if the bank officer knew of the alleged agreement to subject the deposit to the payment of a particular claim, the mere fact that the deposit slip may be in the name of the depositor would not compel the bank officer to honor the checks of the depositor to the extent of the whole fund without retention for such claim.

Appellants' contention is that the deposit slip is the contract between the bank and the depositor, and the bank is bound to honor the depositor's checks to the extent of the

deposit. The deposit slip is a mere acknowledgement by the bank that the amount named has been received, 3 Ency. Law, 830, and does not purport to embody the contract between the parties and cannot affect the rights of plaintiff under his alleged agreement with the depositor and the bank officers. .

The contemporaneous agreement among the plaintiff, the depositor and the bank officers affected the deposit with the trust assumed by the bank to hold sufficient of it to protect plaintiff against the Bayly claim. This case differs from *Bank* v. *Mahon,* 78 S. C., 412, 59 S. E. 31, as in that case the bank had no control over the deposit, as it was in the name of parties not bound by any contract affecting the disposition of the deposit, whereas, in this case the depositor and the bank agreed to protect the plaintiff and thus induced the plaintiff to pay over the money deposited. The principle of *Livingstain* v. *Banking Co.,* 77 S. C., 309, 57 S. E., 182, is more applicable, as it affirms the right of a depositor to make an express contract with the bank that his deposit account shall be applied to his debts to the bank and to any other legitimate purpose.

Under the last exception it is contended that the Court erred in not charging the jury plaintiff's request: "That if the jury come to the conclusion that the bank is liable at all then it is liable only for the amount of which Fort had notice, $58, and not for the amount sued for, $122.42." The amount of the recovery on the Bayly claim included, not only the original claim of fifty-eight dollars, but the costs and fees of the suit.

Dr. Timmerman, the president of the bank, testified that the money was left in the bank "subject to the adjudication of the Bayly claim." W. A. Sill testified that the parties agreed to leave "the amount in the bank and let Mr. Bayly and Mr. Coats fight it out to get Mr. Fort a clear title to the place."

The plaintiff testified that Mr. Watson, the cashier, filled out the check given by him in payment of the premises, that he told the cashier to be sure to hold enough money to pay the Bayly claim, that "he put it (the check) in with the condition that they would hold him clear and have no further trouble about the Bayly claim." It is true there was evidence that the Bayly claim was fifty-eight dollars, but the suit thereon was pending and the bank was a party thereto, and all parties were bound to know that if judgment was recovered, it would include the incidental costs and fees.

In the situation of the testimony the Court was correct in declining to limit the bank's liability to fifty-eight dollars.

The judgment of the Circuit Court is affirmed.