7525

McMEEKIN v. SOUTHERN RY.

1. CARRIER—FREIGHT.—PRESUMPTION that a connecting carrier has received an entire shipment from reception by it of a portion of a single shipment does not apply where the fact is found to be the carrier never received the missing portion.
2. IBID.—IBID.—PENALTY.—Under a bill of lading stipulating "no carrier shall be liable for loss or damage not accruing on its own portion of the route," a carrier is not liable for a portion of a single shipment lost by its connecting carrier, nor for penalty under 24 Stat., 81.
3. IBID.—IBID.—IBID.—Consignee of lost freight cannot recover the penalty provided in section 1710, Code, 1902, under a bill of lading which does not provide that the responsibility of each or any carrier shall cease upon delivery to the connecting carrier "in good order."

Before KLUGH, J., Fairfield, March, 1910.    Reversed.

Action by Jno. C. McMeekin against Southern Ry. in court of magistrate, T. M. Cathcart.    From circuit judgment affirming judgment below, defendant appeals.

*Messrs. McCants & McCants,* for appellant.    *Mr. C. W. McCants* cites:    *Appellant is not liable under the bill of lading:* 75 S. C., 321; 78 S. C., 46; 66 S. C., 477.    *Nor is defendant liable for penalty under 24 Stat., 81:* 78 S. C., 46. *Nor under section 1710 of Code.*

*Messrs. Ragsdale & Dixon,* contra.    Oral argument.

March 30, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    In this action the Circuit Court affirmed the judgment of the magistrate in favor of the plaintiff McMeekin against the defendant Southern Railway Company for the value of a part of a shipment of flour and

25—85

meal lost in the course of transportation from Estill Springs, Tennessee, to Wallaceville, South Carolina, and for $50.00 penalty for failure to adjust and pay the claim within the time allowed by the statute.

There was evidence tending to prove that the goods were lost before the shipment was delivered to the Southern Railway at Atlanta, and under this evidence the magistrate found as a fact that the goods were never delivered to the Southern Railway Company. This finding of fact was not disturbed by the Circuit Court.

A connecting carrier which has received a portion of a single shipment is presumed to have received the entire shipment. *Bradley* v. *Northwestern R. R. Co.,* 77 S. C., 317, 57 S. E., 1101. But this presumption is eliminated in this case by the finding that the evidence of defendant's agent to the contrary was true.

The bill of lading contained the stipulation that "no carrier shall be liable for loss or damage not occurring on its own portion of the route." Such a stipulation was held to be valid in *Venning* v. *A. C. L. R. R. Co.,* 78 S. C., 42, 58 S. E., 983. Hence, the defendant was not liable for goods lost by a connecting carrier.

From this finding of fact it also follows that the defendant was not liable for the penalty of $50.00 under the statute of 1903 (24 Stat., 81), which provides for the recovery of a penalty for failure to adjust and pay "for loss or damage to property while in the possession of such common carrier." *Venning* v. *A. C. L. R. R., supra.*

The plaintiff could not recover the penalty under section 1710 of the Civil Code, because the bill of lading introduced as the contract of shipment does not provide that the responsibility of each or any carrier shall cease upon delivery to the connecting line "in good order." *Cave* v. *Carolina Midland R. R. Co.,* 53 S. C., 496, 31 S. E.,

359; *Venning* v. *A. C. L. R. R. R., supra; Mayfield* v. *Southern Ry.,* 84 S. C., 393.

The judgment of this Court is that the judgment of the Circuit Court be reversed.