7993

## SMITH v. SOUTHERN RY.

1. Evidence—Writings—Estoppel.—Parol evidence of a writing which is only collateral to the issue is admissible. So in an action for damages to a shipment of hogs, the plaintiff may testify that he paid the draft with the bill of lading attached. This evidence is also relevant on the issue of estoppel.

2. Carrier—Freight—Ibid.—If a carrier issue a bill of lading for so many hogs it is estopped from afterwards saying it did not receive

that number as against the transferee or consignee of the bill of
lading for value and any connecting carrier, who is a partner or
agent of the initial carrier, would be also estopped; but recitals in
the bill of lading are not sufficient to show a connecting carrier is
such agent, but to estop the terminal carrier, in an interstate ship-
ment, it must be shown that such relation existed between it and the
initial carrier.

3. IBID.—IBID.—PENALTY.—To recover the statutory penalty for failure
to pay claim for damage to freight, the plaintiff must recover the
full amount of his claim and it must be for loss or damage to freight
while in possession of defendant carrier.

Before WILSON, J., Abbeville, October term, 1910.
Reversed.

Action by Enoch Smith against Southern Railway Com-
pany. Defendant appeals.

*Messrs. B. L. Abney, Frank B. Gary* and *C. S. Montieth,*
for appellant. *Mr. Gary* cites: *Judgment should be reduced:*
81 S. C. 387.

*Messrs Abney & Montieth* cite: *Carrier is only liable for
loss or damage occurring on its own line:* 19 S. C. 353; 36
S. C. 110; 43 S. C. 461; 78 S. C. 42; 85 S. C. 381; 78 S. C.
42; 75 S. C. 321. *When penalty attaches:* 78 S. C. 42; 79
S. C. 250. *Recitals in B-L are not binding on this defend-
ant:* 25 S. C. 249; 78 S. C. 42; 196 U. S. 194.

*Mr. Wm. N. Graydon,* contra, cites: *Parol evidence
on collateral matter is admissible:* 59 S. C. 467; 48 S. C. 95.
*Terminal carrier is bound by recitals in B-L:* 85 S. C. 357;
66 S. C. 477; *Chiles* v. *Ry.,* 69 S. C.; 76 S. C. 176, 23
S. E. 898.

July 31, 1911. The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK. On January 28, 1909, M. A. Butler shipped a carload of hogs from Morrison, Tenn., to plaintiff at Columbia, S. C. The car passed over the lines of four connecting carriers,—defendant being the last. The receiving carrier, the Nashville, Chattanooga & St. Louis Railway, issued a bill of lading, receipting for 157 hogs. When the car arrived at destination it contained only 127 hogs. Plaintiff filed a claim with defendant for $150.00, for the loss of 30 hogs at $5.00 each, the value stipulated in the bill of lading, in case of loss. Defendant failing to pay the claim, this action was brought to recover the amount, together with $50.00, the statutory penalty for failure to pay the claim within the time prescribed by the statute.

Having received and delivered part of the shipment, the presumption arose that defendant received the entire shipment. *Walker* v. *Ry.,* 76 S. C. 308, 57 S. E. 952; *Bradley* v. *R. Co.,* 77 S. C. 317, 57 S. E. 1101. But the presumption may be rebutted. *Bradley* v. *Ry., supra; McMeekin* v. *Ry.,* 85 S. C. 381, 67 S. E. 745. Defendant undertook to rebut it, and discharge itself from liability by proving that the car contained only 127 hogs, when received by it, and introduced testimony tending to prove that fact. Plaintiff contended that defendant was estopped to deny the recital in the bill of lading that the car contained 157 hogs. Over defendant's objection, plaintiff was allowed to testify that, in reliance upon the bill of lading, he paid a draft made on him by Butler for 157 hogs. The contention that this evidence was incompetent, because the draft was the best evidence, cannot be sustained. The contents of the draft were not involved in the testimony. The mention of the draft was merely incidental, as showing the method of payment. But it was competent for plaintiff to say that he paid for 157 hogs, without reference to the mode of payment. Besides, parol evidence of a writing which is only collateral to the issue is admissible. *Elrod* v. *Cochran,* 59 S. C. 467, 38 S. E. 122. The other ground of objec-

tion,—that the evidence was irrelevant,—is also untenable. It was relevant upon the issue of estoppel.

If defendant had issued the bill of lading, it would have been estopped to deny that the car contained 157 hogs, as against a consignee or transferee of it, who, in good faith, relying upon the representation therein contained, had incurred loss or liability. *Thomas* v. *R. Co.,* 85 S. C. 537, 64 S. E. 220. If there was a traffic arrangement between defendant and initial carrier which would make them partners in the carriage of goods, or agents of each other, defendant would be estopped under the same facts which would raise an estoppel, if it had issued the bill of lading itself. *Bradford* v. *R. Co.,* 7 Rich. 207 ; 6 Cyc. 478. The act of the agent is the act of the principal. The bill of lading points to such an agreement. It does not purport to be an agreement only between the receiving carrier and the shipper, but it states that it is made between the receiving carrier *and its connecting lines* of the first part and the shipper of the second part; and it recites that the receiving carrier *"and its connecting lines as common carriers transport live stock only as per above tariff."* Throughout the agreement, the receiving carrier and its connecting lines are referred to as the party of the first part. There are other features of the contract which point in the same direction. The bill of lading would, therefore, be evidence against the carrier which issued it that its connecting carriers were its agents. But it is no evidence against a connecting carrier, because it is only the declaration of the initial carrier that such relation exists. Neither does the fact that the shipment was accepted and forwarded on a through rate prove the existence of such relation, though that is a circumstance which may be considered in connection with other evidence upon the point. *Bradley* v. *R. Co., supra.* Where no such relation is proved as would entail liability on the connecting carrier for the conduct of the receiving carrier the former is not estopped by the recitals in a bill of lading issued by the latter. In

*Lewis* v. *R. Co.*, 25 S. C. 249, it was held that the initial carrier could not, without special authority, make a contract binding upon the terminal carrier. The common law does not impose liability on a connecting carrier for the mistake of the initial carrier in issung a bill of lading. *Reynolds* v. *Ry.*, 81 S. C. 383, 62 S. E. 445. The act of 1903 makes connecting carriers agents of each other, but that act applies only to intra-state shipments. *Venning* v. *Ry.*, 78 S. C. 42, 58 S. E. 983, 12 L. R. A. (N. S.) 1217. The burden was upon the plaintiff to prove the facts necessary to raise the estoppel. Having failed to prove the necessary relation between the receiving carrier and defendant, it follows that the Court erred in charging the jury that if defendant accepted the shipment under the bill of lading, it was estopped to deny the recital therein.

The Court also erred in charging that, if plaintiff filed his claim with defendant's agent at Columbia, and defendant failed to pay it within 90 days, plaintiff was entitled to recover the amount of the claim and interest thereon, and fifty dollars as penalty for defendant's failure to pay the claim within the time prescribed. Under the terms of the statute, plaintiff was not entitled to recover the penalty, unless he recovered the full amount of his claim; nor unless the claim was "for loss or damage to property while in the possession of such common carrier." *Venning* v. *Ry., supra; McMeekin* v. *Ry., supra.*

Reversed.