### STATE v. BROWN
#### (124 S. E., 87)

1. CRIMINAL LAW—REAL EVIDENCE ADMISSIBLE THOUGH UNLAWFULLY OBTAINED.—Real evidence obtained from defendant's possession as result of illegal or unreasonable search and seizure, is nevertheless admissible on trial of defendant charged with a crime with which such evidence is reasonably connected.

2. CRIMINAL LAW—PROPERTY OBTAINED BY ILLEGAL SEARCH CANNOT BE DECLARED INADMISSIBLE IN ADVANCE OF TRIAL.— Stolen property, which defendant does not claim as his, found by an illegal search of defendant's premises, cannot be declared in advance of trial inadmissible.

Before OCTAVUS COHEN, Special Judge, Orangeburg, January, 1923. Affirmed.

Platt Brown, indicted for breaking and entering, for stealing and for receiving stolen goods. From a conviction for receiving stolen goods, the defendant appeals.

*Messrs. Brantley & Zeigler,* for appellant, cite: *History of search and seizure provisions:* 116 U. S., 616; 3 A. L. R., 1505; 48 L. Ed., 575; 232 U. S., 383; 251 U. S., 385; 65 L. Ed., 316; 255 U. S., 298; 41 Sup. Ct. Rep., 574; 40 S. C., 363; 94 S. C., 439; 104 S. C., 146; 115 S. C., 198; 114 S. C., 265; 120 S. C., 290; 120 S. C., 339; 121 S. C., 230; 117 S. E., 637; 117 S. E., 640; 120 S. E., 576; 276 Fed., 806; 278 Fed., 650; 282 Fed., 413; 292 Fed., 497. *Applicable to larceny cases:* 277 Fed., 941; 277 Fed., 485; 269 Fed., 455.

*Mr. A. J. Hydrick, Solicitor,* for the State.

August 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from conviction and sentence under an indictment charging the defendant with having received stolen goods, knowing that they had been stolen. It appears that the store of one Kalinsky had been broken into and goods abstracted therefrom; about a week after the burglary, Kalinsky procured a search warrant from a Magistrate, and under it the dewlling house of the defendant was searched, and various articles, identified as the property of Kalinsky, were found.

Before the trial of the case in the Court of General Sessions (Hon. Octavus Cohen, Special Judge, presiding).

was entered upon, the defendant presented a petition to the Court alleging that the search warrant referred to was illegal upon several grounds set forth, and praying that it be so declared; that the search warrant be quashed, and declared inadmissible in evidence; that the search warrant be declared illegal, and violative of the defendant's constitutional rights; that the articles found be declared inadmissible in evidence; and that all evidence obtained by means of said search warrant or based thereon be decared to be inadmissible in evidence upon the trial of the case. His Honor, the presiding Judge, dismissed the petition, holding that, while the said warrant was shown to have been improperly issued, the articles discovered in the defendant's house, through the entry under such illegal warrant, would be admissible. The trial then proceeded, and during it the counsel for the defendant "objected to all testimony relating to the search of the defendant's house, objected to the goods found in the defendant's house being offered in evidence, and objected to all the testimony obtained by said search and relating thereto." All of these objections were overruled by the presiding Judge.

The sole question in the case is whether or not the consitutional rights of the defendant have been invaded by the admission of the evidence objected to. The point is concluded by recent decisions of this Court, that "real" evidence obtained from the possession of the defendant, as the result of an illegal search and seizure (and, therefore, "unreasonable" within the terms of the Constitution), is, nevertheless, admissible upon the trial of the defendant, charged with a crime with which such evidence is reasonably connected. *State v. Kanellos,* 124 S. C., 514; 117 S. E., 640. *State v. Prescott,* 125 S. C., 22; 117 S. E., 637. *State v. Maes* (S. C.), 120 S. E., 576.

The point, however, raised by the appellant, is that the defendant has the right by a preliminary motion or petition: (a) Where the "real" evidence is his personal property, to have tht Court order its return to him,

that he may put it out of the power of the State to produce it, and offer it in evidence; or (b) where it is not his personal property, to have the Court declare in advance of the trial that it shall not be receivable in evidence.

The defendant's claim is under subdivision (b) above, for he makes no contention that the discovered articles belonged to him, or asks that they be returned. If the defendant's claim arose under subdivision (a) above, it is clear that this Court has not adopted the practice indicated in *Weeks v. United States,* 232 U. S., 383; 34 Sup. Ct., 341; 58 L. Ed., 652; L. R. A. 1915B, 834; Ann. Cas. 1915C, 1177, as appears from the following declaration in *State v. Maes* (S. C.), 120 S. E., 576, the "elaborate and lucid decree of Judge Smith," in which was adopted as the opinion of this Court:

"The admissibility of evidence illegally obtained has not in a single instance been made to rest upon the ground that there was no reasonable application made for the return of the articles before the trial. It cannot, therefore, be concluded that our Court intended to sanction the doctrine, which is plainly and unquestionably declared in the *Weeks Case,* which, while recognizing the general rule 'that a collateral issue will not be raised to ascertain the source from which testimony competent in a criminal case comes,' yet certainly establishes an exception to that principle unconditionally sanctioned in the case of *State v. Atkinson, supra* (40 S. C., 363), and subsequent cases, to the effect that, if there was an application for the articles alleged to have been illegally obtained, and the application is granted or erroneously denied, that such articles would be inadmissible. Such a doctrine is absolutely inconsistent with the rule stated by Mr. Greenleaf, and every one of our cases resting thereon."

The defendant is still further from the mark in asking that stolen property, which he does not claim as his, be declared in advance of the trial inadmissible against him. It is a novel suggestion that articles found in the possession

of the defendant, which not only possess evidential value but constitute the *corpus delecti,* cannot be introduced in evidence. The case, therefore, falls under the general rule above stated. See, upon the question, the authorities cited by the writer in the case of *State v. Griffin,* 124 S. E., 81.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.
MR. CHIEF JUSTICE GARY did not participate.