## 11600

### STATE v. FOXWORTH *ET AL.*

#### (125 S. E., 131)

1. CRIMINAL LAW—INSTRUCTION THAT CIRCUMSTANTIAL EVIDENCE WAS AS GOOD AS POSITIVE EVIDENCE, IF PROPERLY MADE OUT, HELD NOT ·CHARGE ON FACTS.—In liquor prosecution, charge that "circumstantial evidence is just as good as positive evidence, provided it is properly made out," *held* not prejudicial error as charge. on facts.

2. CRIMINAL LAW—PAROL EVIDENCE THAT OFFICERS HAD SEARCH WARRANT WITHOUT PRODUCTION OF WARRANT OR PROOF OF LOSS HELD ADMISSIBLE IN LIQUOR PROSECUTION.—In liquor prosecution, in which evidence derived from a search of defendants' premises was admitted, parol evidence that officers had search warrant was ad-

missible, though no warrant was produced and no proof of its loss adduced, since the search warrant was a document collateral to the issue.

Before FEATHERSTONE, J., Berkley, Spring Term, 1923. Affirmed.

Sam Foxworth and others indicted for violation of the prohibition law and upon conviction appeal.

*Messrs. Wolfe & Dennis,* for appellants, cite: *Circumstantial evidence:* 120 S. C., 538; 116 S. C., 286. *Search and Seizure:* 120 S. C., 215.

*Mr. A. J. Hydrick, Solicitor,* for the State, cites: 124 S. E., 87; 66 S. C., 23.

November 7, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendants were convicted under "an indictment charging them with making, storing, and having in unlawful possession, intoxicating liquors."

Their appeal to this Court presents for determination two questions, which will be considered in the order discussed by appellants' counsel.

The first is whether his Honor, Judge Featherstone, erred in charging "that circumstantial evidence is just as good as positive evidnece, provided it is properly made out." The point that this charge constituted prejudical error, in that it was a charge on the facts, is conclusively settled against appellants' contention by the decision of this Court in the recent case of *State v. Jackson,* 122 S. C., 493.; 115 S. E., 750. See, also, *State v. Johnson,* 66 S. C., 23; 44 S. E., 58, and *State v. Mittle,* 120 S. C., 538, 113 S. E., 335.

The second question is whether prejudicial error was committed by the Circuit Court in admitting over objection and in refusing to strike out "evidence that the officers had a search warrant, when none was produced and no proof of its loss adduced." The record does not

clearly disclose that the precise point sought to be raised here was distinctly made in, or ruled on by, the Circuit Court. In so far as the trial Judge's rulings in this phase of the case involved the holding that proof of the execution and existence of a valid search warrant was not a prerequisite to the introduction of incriminating evidence against the defendants derived from and based upon a search of their premises, his rulings were in accord with the views of this Court as announced and applied in the recent cases of *State v. Kanellos,* 124 S. C., 514; 117 S. E., 640. *State v. Prescott,* 125 S. C., 22; 117 S. E., 637. *State v. Maes* (S. C.), 120 S. E., 576. *State v. Brown* (S. C.), 124 S. E., 87. If so, it is apparent that neither the execution, existence, nor contents of the search warrant constituted a primary or material issue in the case; that is, the search warrant in question was a document collateral to the issue. "Parol evidnece of a writing which is only collateral to the issue is admissible." *Smith v. Southern Ry.,* 89 S. C., 415; 71 S. E., 989. *Fort v. Batesburg First Nat. Bank.* 82 S. C., 427; 64 S. E., 405. *Elrod v. Cockran,* 59 S. C., 467; 38 S. E., 122. *Wigmore* (1st Ed.), 1252-1254; 22 C. J., 1015, § 1300. In no view, therefore, has it been made to appear that the rulings complained of were prejudicially erroneous.

All exceptions are overruled, and the judgment of the circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate in this case.