13107

TOWN OF WEST GREENVILLE v. HARRIS

(157 S. E., 836)

*Messrs. Epps & Cothran*, for appellant, 

*Mr. W. E. Bowen,* for respondent, 

May 1, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE COSGROVE.

Appellant, on December 5, 1929, was tried and convicted by a jury in the mayor's Court of West Greenville for a liquor law violation and duly sentenced. Upon appeal to the Court of General Sessions for Greenville County (Circuit Judge W. H. Townsend presiding), the conviction and sentence were upheld. The matter is now before this Court on appeal from that judgment. (The formal order of Judge Townsend is not printed in the record.)

None of the exceptions challenge the sufficiency of the testimony upon which the conviction is based. Though three in number, they really make out one point—the legality or admissibility of the evidence upon which the conviction rests.

The evidence offered against defendant was procured upon a search of his house by the officers. On the trial it developed that the affidavit upon which the search warrant was issued was not signed by any one. Defendant thereupon moved to quash the indictment upon the ground that the search, based upon the invalid warrant, was illegal, and to suppress the evidence obtained while executing the invalid search warrant. The refusal of this motion makes the sole ground of appeal to this Court.

While the rule may be otherwise in other jurisdictions, it

is now the settled law of South Carolina that, "though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered, or otherwise unlawfully obtained, this is no valid objection to their admissibility, if they are pertinent to the issue. The Court will not take notice how they were obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question." *State v. Green,* 121 S. C., 230, 114 S. E., 317, 319.

By the Court *en banc* this principle of the *Green case* was expressly approved in the following language: "That is the law of this State and a republication of statements of that case would be unprofitable." *State v. Prescott,* 125 S. C., 24, 117 S. E., 637. To like effect see *State v. Brown,* 129 S. C., 288, 124 S. E., 87, and cases cited.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.