15618

STATE v. COOK

(28 S. E. (2d), 842)

September, 1943.

*Mr. H. P. Burbage,* of Greenville, S. C., Counsel for Appellant,

*Mr. W. A. Bull,* Solicitor, of Greenville, S. C., appeared for the State, Respondent.

January 28, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

Appellant was convicted at the last September term of the Court of General Sessions for Greenville County upon all counts of an indictment which charged him with selling a pint of illegal whiskey (without state revenue stamps af-

fixed and cancelled upon the container), of having in his possession four and a half other pints of similar contraband, and for maintaining a statutory nuisance. The latter refers to a country filling station, dance hall and store with adjacent tourist cabins on the Buncombe Road in northern Greenville County.

At the time of the alleged offenses and at the time of the trial appellant's appeal was pending from his conviction in the same Court of maintaining a nuisance at the identical place at an earlier date. Conviction upon the prior charges was affirmed by this Court, *State v. Lee,* 203 S. C., 536, 28 S. E. (2d), 402.

After obtaining a search warrant from a Magistrate, a Deputy Sheriff, accompanied by another, visited the premises on Sunday evening, August 15, 1943, and saw an unnamed sailor, identified by his uniform, come out of the filling station (after following appellant in) and upon search of his person a pint of the contraband liquor was found which the sailor said he had just purchased inside. Search of the building was then made by the officers who discovered the other illegal whiskey in evidence.

Other facts disclosed by the record will be referred to in the discussion of appellant's exceptions. They are thirteen in number, have been separately argued and the principal ones will be so treated but without specific reference to each by its number.

The first relates to the denial by the trial Judge of appellant's motion for continuance beyond the term upon the certificate of a physician to the effect that defendant had been in the military service and stationed in England but was discharged some months before because of heart trouble and that in the doctor's opinion trial then might endanger his health; that the heart disorder made appellant extremely nervous and in the doctor's opinion continuance of the case was advisable. It is axiomatic that disposal of such a motion is within the sound discretion of the

trial Judge and his exercise of the latter will not be disturbed on appeal unless abuse of it is shown, with resulting prejudice to appellant, neither of which is apparent in the record before us; appellant was present at the trial and testified. See the multitude of South Carolina cases to this effect in 10 West's S. E. Dig., Criminal Law, Key 586.

Apparently on account of the motion just mentioned and a further motion by defendant's counsel for a continuance because he had broken his eye-glasses and could not obtain the prompt repair of them, the able and long experienced trial Judge continued the case, which was first set for trial on Wednesday, until the afternoon of the following Friday, the scheduled last day of the term, and then proceeded with it over counsel's protest. Meanwhile, however, the latter had employed another lawyer of experience to assist him, at least reducing the handicap of his lack of good vision. Authority need not be cited to show that under these circum-stances it was a proper exercise of discretion on the part of the Court to deny continuance beyond the term.

Although appellant admitted his presence at the store at the time of the raid he defended in part upon the alleged ground of the sale of the business on July 1, 1943, to one Harrison, fifteen years a physical cripple, unable to operate it alone, who testified for the defense that he ran it with the aid of unpaid volunteer help. Both alleged seller (appellant) and alleged purchaser of the business admitted in testimony, as stated, that they were at the place at the time of the raid and at least one of the officers testified that appellant admitted to him then that he was operating the establishment.

Bolstering this claim of former sale of the business, appellant introduced in evidence a purported bill of such sale dated July 1st, executed by appellant and with two names signed as of witnesses. By consent of the State the document was admitted in evidence without formal proof of execution. Appellant testified that it was prepared by a former county officer who lived in the neighborhood.

In the course of the Solicitor's argument to the jury he commented upon the failure of appellant to produce as witnesses at the trial either of those indicated as such by the instrument, and similarly with respect to the scrivener. Appellant's counsel immediately made objection and the Court ruled that such was not well taken and that the Solicitor was not precluded from making the argument merely because the paper writing had been introduced in evidence.

The last mentioned is the basis of appellant's third and tenth exceptions which he argues without citation of authority. We find no error. The fact or, at least, the *bona fides* of the alleged sale by appellant of the business prior to the raid of it was an issue in the trial and the failure of the writer and the witnesses of the purported evidence of the transaction to testify was the subject of legitimate argument by the prosecuting attorney. His failure to object to admission of the paper in evidence without formal proof of execution did not bind him or the State to the genuineness, date of delivery, etc., of the document. The following is quoted from 23 C. J., 47-8; "Uncontradicted evidence is not, however, necessarily binding on the court or a jury, but may be disbelieved where it is contrary to natural or physical laws, opposed to common knowledge, inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party or interested, or where, in the very nature of things, it is impossible to secure opposing testimony."

The fourth exception alleges error in refusal to accede to appellant's request that the jurors be asked by the Court if any were "kin to any of the Sheriff's force." Instead, the Court inquired whether any was a constable or county officer. Counsel cites no authority for the proposition that relationship of a juror to one "of the Sheriff's force" is cause for disqualification, and we know of

none. Furthermore the record indicates that the request was made by counsel after the jury were impaneled and after he had announced to the Court and the Clerk his willingness that the case be tried by "any twelve men drawn," and further stated that he had "no objection."

The fifth exception complains that the officers were permitted to testify that the sailor had no whiskey before he entered the store with appellant, but, upon emerging, had the pint which he said he purchased there and which the officers found upon search of his person. The objection is that what the sailor said to the officers was hearsay and they should not have repeated it in their testimony.

But search of the record fails to disclose that counsel objected to any of the questions which were so answered but, on the contrary, that he asked similar questions and elicited the same alleged hearsay testimony during his cross examination of the witnesses. Charge of error cannot, of course, be founded upon such a record.

Appellant's brief contains only the following relating to his sixth exception: "It is clear that the Court erred in failing to charge that, if there was a living room through which the officers entered, on Sunday night, the search was illegal and contrary to law. And hence any evidence obtained by an illegal search is inadmissible. *State v. Prescott,* 125 S. C., 22, 117 S. E., 637."

There are several reasons why the point is not well taken. The Solicitor aptly argues that there was no objection made when the evidence referred to was received and no motion made to exclude or strike out any of such evidence because it was illegally obtained.

Furthermore, the citation by appellant of the *Prescott* case is suicidal for it established, by a divided *en banc* Court, that, quoting the syllabus, "though evidence may have been illegally taken from possession of

the party against whom it is offered or otherwise unlaw-fully obtained, such fact does not render it inadmissible." (It should be inserted that this rule must be so applied as not to conflict with the related rule that one may not be compelled to testify against himself.) The case has been uniformly followed in unanimous decisions of this Court. *State v. Maes,* 127 S. C., 397, 120 S. E., 576; *State v. Griffin,* 129 S. C., 200, 124 S. E., 81, 35 A. L. R., 1227; *State v. Brown,* 129 S. C., 286, 124 S. E., 87; *State v. Foxworth,* 129 S. C., 478, 125 S. E., 131; *State v. Gault,* 138 S. C., 459, 136 S. E., 739; *Town of West Greenville v. Harris,* 159 S. C., 524, 157 S. E., 836. Annotation, 32 A. L. R., 408.

Moreover, appellant, according to his own testimony, did not object to the Sunday night search of the premises. He said on cross examination that he asked one of the deputies if he had a search warrant whereupon it was shown to him. He told the officer that he did not know that the search could be made on Sunday night but plainly said on cross examination that he did not object. Questioned about the inconsistency of his claim that he had previously sold the business, although he was present and one of the officers testified that he admitted that he was then operating it, he answered as follows: "He had the warrant in my name and I didn't have time to tell him it didn't belong to me." The question and answer following the foregoing are: "Q. Why did you object? A. I didn't object."

In addition to all of the foregoing, upon this question of alleged illegal search, it is not indicated by the evidence in the record before us that any part of the building in which the illegal whiskey was found was used as a residence. Thus the proviso to sec. 1889 of the Code of 1942, forbidding search of a dwelling at night for contraband even under authority of a search warrant, which appellant's counsel was understood to cite in oral argument, is not applicable.

The Court excluded one or more of the questions of appellant's attorney when examining his witnesses upon the ground that they were leading. The record indicates that they were easily transformable into unobjectionable questions; the rulings did not necessitate the repression of evidence, so there could have been no prejudice to appellant even if they were erroneous. An example is this: The alleged prior purchaser of the business was testifying and had said that the liquor seized was his and he had bought it "from a man named Frank" in appellant's absence and the latter did not even know about it. In a patent effort to explain appellant's presence when the officers came, counsel asked this witness as follows: "State whether or not, to this jury, if Bill came up there to see you about some hogs?" The Court ruled that the introduction to the question, "State whether or not," did not remove the suggestion of the desired answer, which made the question objectionable as leading. Again we see no error.

The true test of whether a question is leading and therefore improper on direct examination is whether, as said by the Court, it suggests the answer. Sometimes the injection of the quoted phrase, "whether or not," prevents a certain question from otherwise being suggestive of the answer which the examiner wants, but not always so. Naturally and properly such problems are left to the sound discretion of the trial Judge who is doubtless often able to tell "whether or not" a question is leading by the tone and inflection of voice in which it is asked, the emphasis upon the words and phrases and their arrangement, which advantages and others, appellate courts, deciding cases upon printed records, do not have. Ordinarily, and here, the rulings of the trial Judge in this connection will be affirmed.

What is a leading question and, if so, whether it is objectionable on that account have given rise to many interesting discussions. Decisions of this Court thereabout are collected in 34 West's S. E. Dig. Witnesses, Key 239 *et seq.*,

# 304

p. 980 *et seq.* Sometimes they are permissible. Always there is a wide discretion in the Judge. 70 C. J., *et seq.*, particularly 517, 524.

One of the exceptions imputes error in the refusal of the Court to release appellant upon bail after conviction, pending his appeal to this Court. However, it is said in the brief that subsequently bail was granted by a Justice of this Court, which makes the question academic and it need not be considered.

All of the remaining exceptions have been carefully considered but are likewise found to be without merit. They allege errors in claimed charges upon the facts, verbal exchanges, said to have been prejudicial, between Court and counsel prior to and during the trial, but none is found to be substantial enough to warrant extended discussion, certainly not to cause reversal of the judgment upon the jury's verdict of guilty. The Court's charge to the jury is printed in full in the transcript and we find no fault in it. At the conclusion the Court pointedly asked appellant's counsel if anything else should be charged and he replied: "Your Honor, I think your Honor's charge is full and clear."

The exceptions are overruled and the judgment affirmed.

Mr. Chief Justice Baker (in result), Mr. Associate Justice Fishburne, and Circuit Judges Wm. H. Grimball and Philip H. Stoll, Acting Associate Justices, concur.