15634

STATE v. COOK *ET AL.*

(29 S. E. (2d), 537)

September, 1943.

*Mr. H. P. Burbage* and *Mr. B. F. Martin,* both of Greenville, Counsel for Appellants,

*Mr. W. A. Bull,* Solicitor, of Greenville, S. C., appeared for the State, Respondent.

March 15, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

Bill Cook, Jr., was convicted in the Court of General Sessions for Greenville County at the March term, 1943, for maintaining a nuisance. Upon appeal the conviction was af-

firmed. *State v. Lee*, 203 S. C., 536, 28 S. E. (2d), 402. When he appealed he applied, along with his co-defendants, who were also convicted, for bail, and his Honor, Judge Gaston, before whom the case had been tried, made his order dated March 18, 1943, authorizing the release from custody of the defendants, pending their appeal, upon bond of $500-.00 each, and, quoting, "said bond or bonds to be conditioned that each defendant agree and bind himself not to commit any further nuisance of any nature whatsoever in, about or upon said premises."

Thereafter, apparently on the day of the rendition of the order for bail, the defendants and three sureties (the latter now appellants along with Cook) furnished bond in the sum of $1,500.00, which recited that it was in the sum of $500.00 for each of the defendants, conditioned among other things that the defendants, quoting, "do as ordered in attached order of the Court, do keep the peace of the state, and be of good behavior towards all citizens." .

Prior to the September term of the Court following, the defendant, Cook, was charged with again maintaining a nuisance at the same place and was convicted at that term, since affirmed on appeal, 204 S. C., 295, 28 S. E. (2d), 842.

After the second conviction and at the same term of the Court, with appeal pending from this second conviction as well as the first, his Honor, Judge Dennis, upon hearing return to a rule issued by him on motion of the Solicitor, which was served upon Cook and his bondsmen, made his order dated September 22, 1943, reciting that no sufficient cause had been shown, upon call of the rule in open Court, why the bond should not be estreated and ordering such and that judgment be entered in favor of the State against Cook and his sureties in the amount of the bond, $500.00. At the time of the hearing and order decision on appeal to this Court had not been rendered in the first conviction, as has been stated. Now, the latter has been affirmed, as has

the conviction of September, 1943. See the cited decisions, *supra.*

The appeal to this Court from the estreat of the bond of Cook and his sureties is upon eight exceptions but all need not be separately discussed, as will be seen. The Solicitor filed no brief and was prevented by weather conditions from appearing for oral argument. However, he informally communicated to the Court his reliance upon Sections 1040 and 1041 of the Code of 1942. But they do not cover the facts of this case. On the contrary, we think it is within the meaning of Section 1031, which is as follows: "In criminal cases, service of notice of appeal in accordance with law, shall operate as a stay of the execution of the sentence, until the appeal is finally disposed of."

The finding by Judge Dennis of violation of the bond required by Judge Gaston, in connection with the release from custody of the defendants pending their appeal from the first conviction, was expressly based upon the second conviction of Cook, *but appeal was then pending from the latter.*

While judgment on the bond was not literally "execution of the sentence" upon the second conviction, it cannot logically be isolated from it; and we think the proceeding upon the bond, bottomed on the second conviction as it was, was stayed by the appeal under the provision of the quoted statute.

The bail bond given upon appeal of the first conviction and conditioned, in effect, upon good behavior, appears to have been breached by the subsequent, similar violation of the law by Cook, resulting in his second conviction. But appeal was pending from the latter, as stated, when the Court undertook to declare a breach of the bond and ordered judgment entered upon it against Cook and against the sureties. Therefore, there was error.

In view of the subsequent affirmance by this Court of the second conviction of Cook (appeal in which was pending when the contested matter of liability upon the bond was

heard in the Court of General Sessions), it appears at first blush that reversal now upon the ground stated would be a futile thing, for immediately the State may again begin proceedings to estreat the bond.

But upon reflection we conclude that the Court's action, having been erroneous at the time, should now be reversed, despite subsequent developments. The stay statute (sec. 1031, *supra*) put the conviction in suspense and it may have been set aside on appeal; or upon a new trial, if such had been ordered by this Court, the defendant may have been acquitted, so, with appeal pending, reversal or acquittal on a new trial was possible; and, thus, the appeal may have resulted in the clearing of Cook of the charge upon which action upon the bond was had.

It would hardly be contended upon the part of the State that in case of acquittal, the bond could have been estreated. It was said in argument that the State had refrained from attempting to enforce the judgment upon the bond, indicating intent to avoid the complications which may have otherwise ensued. We think for the same reason and in the light of the cited statute, judgment upon the bond should not have been ordered in the face of the appeal from the second conviction. The property of Cook and his sureties was unprovidently bound by the lien of the judgment, with at least danger of sale of some or all of it under execution.

What has been said sustains appellants' second exception, in effect that the Circuit Court was without jurisdiction because of the pending appeal from the second conviction of Cook. The first and sixth exceptions also relate to jurisdiction, which they question on the ground that at the time of the order appealed from, appeal was pending from the first conviction, as the result of which the bond was required and furnished. But the question has become academic in view of the sustention of the second exception, and need not be discussed or decided.

The judgment will be reversed upon the single, narrow ground stated, with the right, of course, to the State to proceed again upon the bond, with opportunity then to appellants to set up their several other contentions against liability which have not been considered in the disposition of this appeal.

Judgment reversed, and rule discharged.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.