17049

THE STATE, Respondent, v. WILLIAM JENKINS, Appellant

(88 S. E. (2d) 770)

*W. Harper Welborn, Esq.,* of Anderson, *for Appellant,*

*Messrs. Rufus Fant, Solicitor,* and *S. Eugene Haley,* of Anderson, *for Respondent,*

August 4, 1955.

OXNER, Justice.

Appellant was tried on an indictment charging murder. At the conclusion of the State's testimony, his counsel moved for a directed verdict of acquittal. This motion was refused. He then moved that the charge be reduced from murder to manslaughter. This motion was also refused. No testimony was offered by the defense. The jury returned a verdict of guilty of manslaughter and appellant was sentenced to imprisonment for a term of six years.

The first question is whether the evidence is sufficient to sustain the verdict.

The deceased and appellant, both Negroes, resided near each other in the City of Anderson. Appellant and his wife lived in a two room apartment, consisting of bedroom and kitchen. About three o'clock on the morning of December 22, 1954, appellant voluntarily went to police headquarters and stated that he had just killed Thomas McGee. The officers immediately investigated. They found the deceased dead at appellant's home. He was lying prone in a pool of blood, with his head near the kitchen door. Three or four

inches from his outstretched hand there was a small knife which was open. Near the body there was a shotgun which contained an empty shell. Another empty shell was found on the floor about six feet from deceased. There was a full glass of whiskey on the mantelpiece. The bedroom was in disorder. Several pieces of furniture were overturned and the general appearance indicated that there had been a considerable struggle.

An autopsy revealed that the deceased had been shot twice in the back with a shotgun. The physician who performed same found no powder burns on the body. When asked about the size of the wounds in the back, he stated: "They were large; probably that big around (indicating by thumb and forefinger, holding the thumb and finger about two inches apart)". It was his opinion that either wound was sufficient to have caused death.

When appellant, who the officers said was drinking, arrived at police headquarters, he gave the following version of the homicide: Shortly before 3:00 A. M., the deceased knocked on his door. He and his wife had gone to bed. His wife opened the door. Deceased asked appellant to get up and take a drink with him. Appellant said he didn't care for a drink because it was late and he had to work the next day. Deceased insisted and an argument ensued. Appellant told him to get out of his house. They then got into a scuffle, in the course of which deceased tried to cut him with a knife. Finally, appellant pushed him off, got his shotgun and shot the deceased who fell to the floor. As he was about to get up, appellant reloaded the gun and shot him again.

According to the statement of appellant to the officers, he shot three times but only two empty shells were found in the house. The room was carefully examined and no evidence found of a third shot. Appellant stated that deceased had been in the house ten or fifteen minutes before he shot him.

The only direct evidence of the manner in which the homicide occurred is the explanation given by appellant to the

officers. His wife, the only other person present, did not testify.

Appellant's contention is that his statement to the officers is uncontradicted and clearly shows that he shot in self-defense and in defense of his habitation, entitling him to a directed verdict of not guilty. This argument is necessarily based on the premise that appellant's entire version of the occurrence is true. But the State was not bound by all that he said and was at liberty to show that some of the facts stated were untrue. "The State had a right to prove, by direct or circumstantial evidence, the falsity of the exculpatory matter. When such evidence was offered, it was for the jury to say what weight should be given the several parts of the statement. They could accept any part of it which they deemed worthy of belief and reject any portion which they did not believe." *State v. Green,* 213 S. C. 170, 48 S. E. (2d) 641, 643. Also, see *State v. Cook,* 204 S. C. 295, 28 S. E. (2d) 842; *State v. Shields,* 217 S C. 496, 61 S. E. (2d) 56. In *State v. Cook, supra* [204 S. C. 295, 28 S. E. (2d) 844], the following was quoted with approval: " 'Uncontradicted evidence is not, however, necessarily binding on the court or a jury, but may be disbelieved where it is contrary to natural or physical laws, opposed to common knowledge, inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party or interested, or where, in the very nature of things, it is impossible to secure opposing testimony.' "

An excellent review of the law on the question of whether the prosecution is bound by exculpatory statements contained in a confession or admission introduced by the State will be found in the recent case of *Truman v. State,* 153 Neb. 247, 44 N. W. (2d) 317.

Under the foregoing authorities, the jury was at liberty to accept the statement of appellant that he killed the deceased and to reject, as being contrary to other facts established by the evidence, his version as to how it occurred.

Appellant said that he shot three times but the officers were only able to find evidence of two shots. He said there was a considerable scuffle but no marks of violence were found on him. He said that he shot the deceased as the latter was threatening him with a knife, but the evidence shows that the deceased was shot both times in the back and fell face downward. Appellant's version indicates that the deceased was shot at close range, but the fact that no powder burns were found on the body and the size of the wounds tend to show the contrary.

The trial Judge was entirely correct in refusing the motion for acquittal and submitting to the jury the issues of self-defense and defense of the habitation.

The next question is whether there was error in refusing appellant's motion to reduce the charge from murder to manslaughter. We think there was sufficient evidence to warrant submitting to the jury the offense of murder. This motion was properly refused. The State further contends that the error, if any, was not prejudicial because the jury only found appellant guilty of manslaughter. We find it unnecessary to pass upon this contention.

The final exception is as follows: "The Court erred in refusing to allow certain evidence and testimony to be presented at the trial of this case." This exception is entirely too general to be considered. Rule 4, Section 6 of this Court. It fails to point out what testimony was improperly excluded. We may add, however, that a careful reading of the record discloses no error on the part of the trial Judge in ruling on the admissibility of testimony.

Affirmed.

STUKES, TAYLOR and LEGGE, JJ., and JOSEPH R. MOSS, Acting Associate Judge, concur.