### HAMPTON v. RAY.

1. REPLY.—Testimony herein objected to as merely cumulative, held to be in *reply*.
2. SECONDARY EVIDENCE—NOTICE TO PRODUCE.—When the Court is satisfied that the paper called for is in Court, in the possession of the other party, no previous notice to produce such paper is necessary.

3. IBID.—IBID.—It is not necessary to give previous notice to the other side to produce a writing on a collateral matter, in order to introduce secondary evidence of its contents.
4. EXCEPTIONS quoting portions of a charge without indicating in what particular such quotations are erroneous, will not be considered.
5. PARTNERSHIP.—CHARGE as to law of partnership not objectionable.

Before WATTS, J., Spartanburg, spring term, 1897. Affirmed.

Action by C. C. Hampton v. James B. Ray and Joseph Lewis. The Judge instructed the jury as follows:

This is an action brought by the plaintiff here, C. C. Hampton, against James B. Ray and Joe Lewis, who, he alleges, were partners under the firm name of J. B. Ray & Co. The plaintiff alleges that as partners they purchased from him, between the 1st day of October, 1892, and the 31st day of January, 1893, certain goods and merchandise of the value of $206.64, and that no part thereof has been paid, and asks for judgment against both of the defendants for that amount, $206.64. The defendant, Lewis, comes in and denies every allegation of the complaint—that is, he denies that he was a member of the firm of James B. Ray & Co.; he denies that he bought any goods from the plaintiff, Mr. Hampton, and he denies that he is liable in any amount at all to the plaintiff. The defendant, Ray, does not answer at all; so, in any view of the case, you will have to give a verdict against James B. Ray for the amount claimed, $206.64. The only question before you is whether or not Joe Lewis is liable for this debt. Now, the question of fact is one for you; you have heard the testimony in the case, and that is solely for you to determine. If under the testimony you are satisfied that Joe Lewis was a partner in the firm of James B. Ray & Co., then, if you believe the testimony, Mr. Hampton would be entitled to recover. If you conclude that he was not a partner in the firm, then you could not give a verdict against him. Now, partnership is where men go into an undertaking to share the profits and losses of it. If there is any testimony in this

case, showing you by the preponderance or weight of the testimony that J. B. Ray and Joe Lewis were running a business, and that they were participants in the losses and profits of that undertaking, then Joe Lewis would be a partner, and would be liable for this debt. The sole question, as I have charged, in the case for you to determine, is whether or not Joe Lewis was a partner with Ray, or whether Ray was a partner of somebody else, or whether he did business by himself. If you conclude that Joe Lewis was a partner, and had a right to share in the profits of that undertaking, why, then, he would be responsible for the losses of that undertaking; and if he was a partner in that firm, and any debts were contracted, he would be liable for those debts. It is for you to say whether or not he was a partner. If Joe Lewis simply loaned Ray & Co. money, and was not a partner, then he would not be liable, because a man that loans a firm money don't become responsible for the debts; but if he (Lewis) participates in the business and shares the profits of what they make, he is bound to share the losses that they make, too. Now, if the testimony satisfies you here that Lewis was a partner in this concern, any declarations of another member of the concern, denying that he was a partner, would not affect Mr. Hampton at all. If Lewis was a partner, and Hampton extended credit to him upon the faith of his being a partner, or if he was a partner, he would be liable; if he was not a partner, he is not liable. If he was a partner, and if Ray made any declarations to anybody, Hampton not being present, that Lewis was not a partner, that would not affect Mr. Hampton's right to recover; but it is a circumstance, if any such statement was made, to go to the jury, and they take it in connection with the other facts and circumstances of the case to say whether or not there was a partnership. If Hampton extended this credit to J. B. Ray & Co., and Littlejohn was a partner, or any one else, and not this man Lewis, Lewis is not liable; but if Lewis was a partner along with Ray, then he would be liable. The question of fact is one entirely

for you to determine as to whether or not he was a partner. Juries can find from facts and circumstances that people were partners in a firm. Any declaration made by the party would be competent to show it—that is, if Lewis made any declarations that he was a partner, that would be a circumstance to go to the jury. I don't know whether it would be sufficient or not, because the whole matter is for you, but ordinarily a man is bound by the declarations he makes. Then, again, it can be inferred from circumstances, if they are sufficient to satisfy the jury, that he was a partner. So, the whole case is for you. If you find that he is a partner, then your verdict will be against him; if you find that he is not a partner, then your verdict will be in favor of Lewis. The form of your verdict will be: If you find Lewis is liable, you will say, we find for the plaintiff so many dollars, writing it out. If you conclude that Lewis is not liable, say, we find for the plaintiff against James B. Ray so many dollars.

Mr. Hydrick: And we find for the defendant, Joseph Lewis.

By the Court: That would follow.

Mr. Sanders: Please instruct the jury as to the legal effect of a man's holding himself out and acting as a partner, so as to induce others to act on it.

By the Court: Any man who holds himself out as a partner, and thereby induces people to extend credit, then he is responsible if he holds himself out as partner. It is for you to say, under the facts and circumstances of this case, as to whether or not this man Lewis did hold himself out as a partner, and did he do anything which induced Mr. Hampton to credit him. If he did, and Hampton extended credit to him upon the faith of those inducements, why then he would be liable. You take this case according to all the facts and circumstances, and decide according to your own good judgment as to whether or not he was a partner. If you find that both parties are liable, say, we find for the plaintiff so many dollars; that includes both. If you find that Lewis is not liable, say, we find for the plaintiff against

James B. Ray so many dollars, and for the defendant, Joe
Lewis, and sign your name as foreman.    If you find in
Lewis' favor, your verdict will be, we find for the plaintiff
against James B. Ray so many dollars, and for the defend-
ant, Lewis.    In this case, you find for the plaintiff.

Judgment for plaintiff.    Defendant, Lewis, appeals, be-
cause the presiding Judge erred:

I. In allowing the plaintiff to introduce cumulative tes-
timony in reply, to the effect that Joe Lewis had paid him
for all the whiskey that he sold the firm of J. B. Ray &
Co., except one time, when Ray paid him for a couple of
barrels; that these payments were generally made about
three times a month.

II. In allowing the witness, C. C. Hampton, to answer
the following question propounded to him by his attorney:
"What, if anything, did Joe Lewis say to show that he was
loaning money to Ray and to this other man, Littlejohn,
at the time he paid you money?"

III. In allowing the witness, C. C. Hampton, to testify,
according to the best of his recollection, the envelope con-
taining the letter introduced by the defendant, Lewis, was
addressed to J. B. Ray & Co.

IV. In charging the jury as follows: (*a*) "The only ques-
tion before you is whether or not Joe Lewis is liable for this
debt."    (*b*) "If under the testimony you are satisfied that
Joe Lewis was a partner in the firm of James B. Ray & Co.,
then if you believe the testimony, Mr. Hampton would be
entitled to recover."    (*c*) "Now, partnership is where men
go into an undertaking to share the profits and losses of it."
(*d*) "If there is any testimony in the case, showing you by
the preponderance or weight of the testimony that J. B.
Ray and Joe Lewis were running a business, and that they
were participants in the losses and profits of that undertak-
ing, then Joe Lewis would be a partner, and would be liable
for this debt."    (*e*) "The sole question, as I have charged,
in the case for you to determine, is whether or not Joe

Lewis was a partner with Ray, or whether Ray was a partner of somebody else, or whether he did business by himself." (*f*) "If he (Lewis) participates in the business and shares the profits of what they make, he is bound to share the losses that they make, too." (*g*) "If the testimony satisfies you here that Lewis was a partner in the concern, any declarations of another member of the concern denying that he was a partner, would not effect Mr. Hampton at all." (*h*) "If Lewis was a partner, and Hampton extended credit to him upon the faith of his being a partner, or if he was a partner, he would be liable." (*i*) "If he was a partner, and if Ray made any declarations to anybody, Hampton not being present, that Lewis was not a partner, that would not affect Mr. Hampton's right to recover, but it is a circumstance, if any such statement was made, to go to the jury, and they take it in connection with the other facts and circumstances of the case to say whether or not there was a partnership." (*j*) "Juries can find from facts and circumstances that people were partners in a firm. Any declaration made by the party would be competent to show it— that is, if Lewis made any declarations that he was a partner, that would be a circumstance to go to the jury. I don't know whether it would be sufficient or not, because the whole matter is for you, but ordinarily a man is bound by the declarations he makes." (*k*) "Then, again, it can be inferred from circumstances, if they are sufficient to satisfy the jury, that he was a partner." (*l*) "If you find that he is a partner, then your verdict will be against him." (*m*) "It is for you to say under the facts and circumstances of this case as to whether or not this man Lewis did hold himself out as a partner, and did he do anything which induced Mr. Hampton to credit him? If he did, and Hampton extended credit to him upon the faith of those inducements, why, then, he would be liable."

*Messrs. Hydrick & Wilson*, for appellant, cite no cases.

*Messrs. Duncan & Sanders*, contra (oral argument).

March 24, 1898. The opinion of the Court was delivered by
MR. CHIEF JUSTICE McIVER. This action was brought
by, the plaintiff to recover the price of certain goods alleged
to have been sold and delivered by plaintiff to the defend-
ants, as copartners under the name and style of James B.
Ray & Co. The defendant, Ray, made default; but the de-
fendant, Lewis, answered, denying the allegations of the
complaint. Ray was offered as a witness by plaintiff, who
testified that the defendants were partners, under the firm
name of J. B. Ray & Co., and that Lewis handled the money
and paid the debts, and that when the firm went out of
business they owed plaintiff about $260. In the defense,
Joe Lewis was examined as a witness, who, in substance,
testified that he was not a partner of Ray's, and the only
connection which he had with the firm of Ray & Co., which
he said was composed of Ray and one Littlejohn, was in
lending them money to carry on their business. At the
close of the testimony, the Circuit Judge charged the jury
as is set forth in the "Case," and a verdict having been ren-
dered in favor of plaintiff against both of the defendants,
and judgment having been entered thereon, the defendant,
Lewis, appeals, upon the several grounds set forth in the
record, which, with the charge of the Circuit Judge, will
be embodied in the report of the case.

The first, second, and third exceptions impute error to
the Circuit Judge in his rulings as to the admissibility of
testimony. The error imputed in the first being
that mere cumulative testimony was received in
reply. We do not so regard the testimony. The
defendant, Lewis, having testified that he was not a partner,
but that, at the request of Ray, he had several times, how
many he could not say, made payments to the plaintiff for
goods furnished by him to Ray & Co., it was clearly com-
petent for the plaintiff, in reply, to prove that all his money
transactions, in reference to goods sold Ray & Co., with a
single exception, were with Lewis, which certainly was
well calculated to impress plaintiff with the belief that

Lewis was a partner; and when he added, what constitutes the basis of the second exception, that in none of these dealings with Lewis did the latter say anything to disabuse his mind of such an impression, it was on the same line, and was clearly competent, as it tended to contradict the impression which defendant sought to make by his testimony. Exceptions one and two must, therefore, be overruled.

Exception three imputes error to the Circuit Judge in allowing the plaintiff to testify that, according to the best of his recollection, the envelope containing the letter introduced in evidence by the appellant was addressed to J. B. Ray & Co. It appears that the appellant introduced a letter from the plaintiff, which read as follows: "Landrum, S. C., February 17, '93. J. B. Ray, Spartanburg, S. C. I send you 1 barl. of C. W., 46 gal., 47.90.. If you will want any more soon, you can send me $1 to pay tax at once, as I am short. I want to begin in a few days." The object of introducing that letter, as we suppose, was to show that the plaintiff sold the goods to Ray, and not to J. B. Ray & Co. When the plaintiff was on the stand as a witness in reply, he was shown that letter, and asked if he had any explanation to offer, which being objected to by Mr. Hydrick, counsel for appellant, the Court ruled: "The letter speaks for itself." Mr. Sanders, counsel for the plaintiff, then said: "I think he can tell to whom he meant it to go." The Court ruled: "He can deny it, but he cannot explain it. The letter speaks for itself. He can tell whom the letter is addressed to." Mr. Sanders, then apparently addressing Mr. Hydrick, asked: "Have you got the envelope?" to which Mr. Hydrick replied: "No, sir." Then Mr. Sanders asked the witness this question: "According to the best of your recollection, to whom was the letter addressed?" Mr. Hydrick said: "The envelope is the best evidence, and they haven't subpœnaed us to produce it; I object." By the Court: "I will allow it." The question was repeated, and the witness answered, "J. B. Ray & Co." On the cross-examination the witness was asked the follow-

ing question: "You recollect distinctly that you addressed
that letter to J. B. Ray & Co.?" To which the witness re-
plied: "No, sir; I never sold Jim Ray any whiskey individ-
ually." He was then asked this question: "You have got
some doubt about addressing that letter to J. B. Ray & Co.?"
And the witness replied: "I don't recollect how it was ad-
dressed." It will be observed that the appellant's objection
to the testimony of the witness as to how the envelope
was addressed, was based solely upon the ground that no
notice had been given to produce the envelope, or, as the
counsel expressed it, "they haven't subpœnaed us to pro-
duce it." Now, the rule is, that where the Court is satis-
fied that the paper called for is in Court, in the posses-
sion of the other party, no previous notice to produce such
paper is necessary. *Reynolds* v. *Quattlebaum*, 2 Rich., 140.
No doubt, the Circuit Judge very naturally assumed that, as
the appellant was in Court and had produced the letter, he
had the envelope from which the letter was taken in his
possession; and if so, then, under the case just cited, no pre-
vious notice to produce the envelope was necessary. It is
true, that the *counsel* said *he* did not have it; but that did
not show that the *appellant* did not have it. Besides, where
the paper called for relates to a collateral circum-
stance, and not to the main issue in the case, no
previous notice to produce it is necessary. *Gist* v.
*McJunkin*, 2 Rich., 154; *Lowry* v. *Pinson*, 2 Bail., 324. It
is very obvious that the only real issue in the case was
whether appellant was a partner in the firm of J. B. Ray &
Co., and this letter and the envelope in which it was en-
closed were merely collateral circumstances. Upon this
ground, also, we cannot hold that there was error in the
ruling of the Circuit Court. But even if there was error
in such ruling, it is very manifest that it was harmless, as
the plaintiff, on his cross-examination, distinctly admitted
that he did not recollect how the envelope was addressed.
The third exception cannot be sustained.

The fourth exception is: "In charging the jury as fol-

lows:" and this is followed by a number of extracts from the charge, arranged in subdivisions marked with letters from a to m, both inclusive; and in not a single one of these subdivisions is any specific error pointed out or even indicated. Indeed, from a reading of the exceptions alone, it would be impossible for us to discover what was the nature of the error imputed to the Circuit Judge. This Court has so repeatedly declared that such a mode of taking exceptions is so objectionable, that we would be fully justified in declining to consider them. We may say, however, that reading these various subdivisions of exception four in the light of the argument of counsel for appellant, from which alone are we able even to guess at the points intended to be raised, we are unable to discover any error in any of them. As we have said above, the only real issue in the case was whether the appellant was a partner in the firm known as J. B. Ray & Co.; and that issue was fairly left to the jury to determine, so far as it depended upon questions of fact, under unexceptionable instructions as to what, in law, would constitute a partnership. There was no controversy as to the indebtedness of J. B. Ray & Co. to the plaintiff, for that was admitted by Ray, one of the partners; and surely the appellant, under the position which he took, was in no condition to raise the question whether J. B. Ray & Co. was or was not indebted to the plaintiff; for if he was not a partner in that concern, it would have been absurd for him to undertake to deny any such indebtedness, and in his testimony he did not undertake to do so. As to the imputation, which it seems from the argument that appellant makes, that the Circuit Judge violated the constitutional provision forbidding him to charge on the facts, we think that a mere reading of the charge is quite sufficient to vindicate it from any such imputation. But we need not pursue the subject further, as what we have said has been said purely *ex gratis*, as the exceptions are presented in such a form as does not entitle the appellant to have them considered at all.

We are entirely satisfied, from a careful examination of the entire case, that the only real question in the case was a question of fact—as to whether appellant was a partner in the firm of J. B. Ray & Co.; and that question, under proper instructions as to the law, was fairly and squarely submitted to the jury.

The judgment of this Court is, that the judgment of the Circuit Court be, and the same hereby is, affirmed.